**IT IS ORDERED as set forth below:**



Date: March 4, 2022

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO. 19-54809 |
| ) | |
| BARBARA ALBYTINE GIBBS, ) | CHAPTER 13 |
| ) | |
| Debtor. ) | JUDGE WENDY L. HAGENAU |
| ) | |
| BARBARA ALBYTINE GIBBS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CONTESTED MATTER |
| ) | |
| NATIONSTAR MORTGAGE LLC ) | |
| d/b/a/ Mr. Cooper, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** is before the Court on Debtor's Emergency Motion for Summary

Judgment (Doc. No. 81) (the "Motion"). Debtor contends Nationstar Mortgage LLC d/b/a Mr.

1

Cooper ("Nationstar") did not have standing to file a foreclosure action in South Carolina and a proof of claim in this Court. Debtor asks the Court to enter judgment against Nationstar, strike her bankruptcy case from the record, sanction Nationstar's and Bank of America's conduct, and refer this case to the Department of Justice for prosecution.

## *Undisputed Facts*

Debtor filed a Chapter 13 bankruptcy case on March 27, 2019. Debtor scheduled real property at 4257 Monterey Drive, Florence, SC 29501 (the "South Carolina Property") and scheduled a secured claim of Nationstar Mortgage/Mr. Cooper's against the property.

Nationstar filed claim no. 3 for $483,059.33. Debtor objected to Nationstar's claim on June 18, 2019 (Doc. No. 25) (the "Objection"), contending the claim is not accurate. Nationstar responded in opposition (Doc. No. 27) and filed a Supplemental Response to the Objection (Doc. No. 53). Nationstar stated the proof of claim is accurate and submitted a copy of a personal judgment entered by the Court of Common Pleas in Florence County South Carolina on March 4, 2019 against Debtor and in favor of Nationstar Mortgage LLC in the amount of $465,722.08, plus interest at 6.375% per annum until a foreclosure sale is conducted. (Doc. No. 53.) The judgment is on appeal in South Carolina.

Debtor filed a Chapter 13 Plan (Doc. No. 36), that provided Debtor would pay $2,660.00 per month directly to the Chapter 13 Trustee for 60 months, $2,470 of which would go to pay Nationstar's arrearage claim. The Court entered an Order Confirming Plan on October 25, 2019 that confirmed the plan and instructed the Chapter 13 Trustee to reserve any disbursements owed to Nationstar pending final resolution of outside litigation of the dispute between Nationstar and the Debtor (Doc. No. 49).

Debtor's husband, M. Eugene Gibbs, is not a bankruptcy debtor, but he has filed a series of documents in this case in connection with Nationstar's claim. The pleadings reflect he is not party to the note or mortgage, but he asserts he is married to the Debtor and has paid at least half the expenses of the Property. He filed a Motion for Leave to File Claim and/or Counterclaim as Part of Interest (Doc. No. 28), a "Complaint/Counterclaim" (Doc. No. 29), a "Prehearing Brief" (Doc. No. 33), and a "Proof of Claim and Counterclaim" (Doc. No. 35) seeking relief and damages against Nationstar and Bank of America. Mr. Gibbs then filed an adversary proceeding against Debtor, Nationstar, and Bank of America challenging Bank of America's and Nationstar's standing to foreclose, seeking injunctive relief against the disposition of the South Carolina Property, seeking a declaratory judgment that all required mortgage payments had been paid, and requesting the Court order Bank of America and Nationstar to issue him a new home loan. (Adv. Proc. No. 19-5272 Doc. No. 1.)

The Court held a hearing on the Objection on October 16, 2019 at which the Court heard argument about the proof of claim, the counterclaim, the declaratory judgment, and the pending appeal of the South Carolina judgment. Mr. Gibbs appeared and stated he wanted to proceed with the appeal of the South Carolina judgment; Debtor did not object. Accordingly, the Court lifted the automatic stay on October 21, 2019 (Doc. No. 47), specifically to allow litigation pending in the Florence County South Carolina Court of Common Pleas case no. 2018-CP-21-03238 Nationstar Mortgage LLC vs. Gibbs and any appeals therefrom to proceed.

At the hearing on October 16, 2019, Mr. Gibbs renewed his request for a declaratory judgment that all required mortgage payments had been made. The Court explained the question of whether all the mortgage payments had been made was directly related to and wrapped up in the allegations brought in the South Carolina litigation. Ruling on the declaratory judgment action

3

would require the Court to consider and rule on the same issues the South Carolina courts were considering and would have this Court unnecessarily interfere with that litigation. The Court therefore declined the request.

The Court ultimately entered an order abstaining in the adversary proceeding (Case No. 19-5272 Doc. No. 79). Mr. Gibbs appealed, and the District Court affirmed the Court's decision to abstain. (Case No. 19-5272 Doc. No. 108.) Mr. Gibbs appealed to the Eleventh Circuit, which dismissed as unreviewable Mr. Gibbs' challenge to the Court's decision to abstain from hearing the adversary proceeding. Mr. Gibbs filed subsequent motions for reconsideration and reversal, which the Eleventh Circuit Court of Appeals denied as moot and dismissed the appeal for lack of jurisdiction. (Case No. 19-5272 Doc. No. 118).

Meanwhile, Debtor filed a Motion to Suspend Payment Plan and Sanctions (Doc. No. 62), seeking to suspend her plan payments and order all moneys returned to her. The Court held a hearing on the motion to suspend on November 18, 2020, at which the Court provided Debtor the opportunity to either dismiss her case and receive a refund of the money the Trustee was holding or continue her Chapter 13 case (and the protection of the automatic stay) and continue making payments to the trustee. Debtor stated she wished to continue in her Chapter 13 case. Accordingly, the Court denied the Debtor's request (Doc. No. 71).

The Chapter 13 Trustee filed a Motion to Set Hearing on the Case to Determine the Course of Action Pursuant to the Court's Confirmation Order. (Doc. No. 76.) The Court held a video hearing on the Motion on January 26, 2022 and a continued video hearing on the Motion on February 16, 2022. Debtor did not appear at either hearing.

Debtor filed the Motion on January 19, 2022. Nationstar responded to the Motion (Doc. No. 85), and Debtor filed a reply (Doc. No. 86). For the reasons stated below, the Motion is denied.

4

### *Summary Judgment*

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, made applicable to contested matters by Federal Rules of Bankruptcy Procedure 7056 and 9014. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056(c). "The substantive law [applicable to the case] will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of proving there are no disputes as to any material facts. Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The party moving for summary judgment has "the initial responsibility of informing the . . . court of basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (citing Celotex Corp., 477 U.S. at 323). The nonmoving party must then present specific facts that demonstrate there is a genuine dispute over material facts. Hairston, 9 F.3d at 918.

When reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party. Hairston, 9 F.3d at 918. At the summary judgment stage, the Court "'must not resolve factual disputes by weighing conflicting evidence.'" Tippens

5

v. Celotex Corp., 805 F.2d 949, 953 (11th Cir. 1986) (quoting Lane v. Celotex Corp., 782 F.2d 1526, 1528 (11th Cir. 1986)). The Court must not "assess [ ] the probative value of any evidence presented to it, for this would be an unwarranted extension of the summary judgment device." Id. (quoting Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965)).

### *Analysis*

Debtor seeks summary judgment, but it is not evident in what matter Debtor seeks a judgment. Summary judgment is provided for by Fed. R. Bankr. P. 7056, which is applicable to adversary proceedings and contested matters. The Motion was not filed in an adversary proceeding, and the only adversary proceeding filed in this case has been resolved and affirmed on appeal. The Court, therefore, presumes the Motion is directed at a contested matter but it is not identified in the Motion.

The purpose of summary judgment is to determine claims already filed. See Wilcox v. Green Tree Servicing, LLC, 2015 WL 2092671, at *1 (M.D. Fla. May 5, 2015). The Court can only render summary judgment on a matter in controversy. See Hamman v. Southwestern Gas Pipeline, Inc., 721 F.2d 140, 144 (5th Cir. 1983), app. after remand, 821 F.2d 299 (5th Cir. 1987). While a party may move for summary judgment on any claim, any defense, or part of any claim or defense, the party moving for summary judgment must identify "each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). It is the movant's burden to inform the court of the basis for its motion. Celotex Corp., 477 U.S. at 323. For purposes of summary judgment, "[i]t is not enough merely to mention possible argument in most skeletal way, . . . Judges are not expected to be mind readers. Consequently, a litigant has an obligation to 'spell out its arguments squarely and distinctly[.]'" Davis v. District of Columbia, 503 F. Supp. 2d 104, 126 (D.D.C. 2007).

A litigant cannot raise new issues to obtain, or defeat a motion for, summary judgment. See Mena v. McArthur Dairy, LLC, 352 F. App'x 303 (11th Cir. 2009); see also Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam) (party may not amend pleadings via a response to a motion for summary judgment). If a litigant desires to place new issues in controversy, the proper course of action is to move to amend the primary pleading. See Gilmour, 382 F.3d at 1315; see also Hurlbert v. St. Mary's Health Care System, Inc., 439 F.3d 1286, 1297 (11th Cir. 2006). If the party does not seek to amend, then it cannot move for summary judgment on those issues. See Lubin v. Murphy (In re Murphy), 2017 WL 4620879, at *3 (Bankr. N.D. Ga. Oct. 13, 2017).

Because the Motion is filed pro se, the Court has reviewed the entire bankruptcy docket to ascertain what, if any, contested matters exist to which the Motion might apply. The only possibility the Court sees is the Objection filed by Debtor with respect to Nationstar's proof of claim.

### Proof of Claim

By filing a claim, a creditor triggers the process of allowance and disallowance of claims and brings the creditor within the bankruptcy court's equitable jurisdiction. Langenkamp v. Culp, 498 U.S. 42, 45 (1990). The Court, however, will abstain from deciding Nationstar's proof of claim until the South Carolina litigation is complete.

Under 28 U.S.C. § 1334(c)(1), the Court has discretion to abstain from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for State law[.]" Id. Courts may exercise their authority to abstain *sua sponte*. Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992). Courts employ a multifactor test to determine whether abstention is appropriate. Courts consider the following nonexclusive factors:

>   (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised,
>   (2) the extent to which state law issues predominate over bankruptcy issues,
>   (3) the difficulty or unsettled nature of the applicable state law,
>   (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts,
>   (5) the jurisdictional basis, if any, other than [28 U.S.C.] § 1334,
>   (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case,
>   (7) the substance rather than the form of an asserted "core" proceeding,
>   (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
>   (9) the burden on the bankruptcy court's docket,
>   (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,
>   (11) the existence of a right to jury trial, and
>   (12) the presence in the proceeding of non-debtor parties.

<u>Ret. Sys. of Alabama v. J.P. Morgan Chase & Co.</u>, 285 B.R. 519, 530–31 (M.D. Ala. 2002).

These factors weigh heavily in favor of abstention here. The resolution of the proof of claim involves issues that are presently before a state court including whether mortgage payments were paid and properly applied and whether Nationstar has standing. These matters can and do exist outside the bankruptcy context and can be resolved in another forum. Indeed, the Florence County, South Carolina Court of Common Pleas entered a judgment fixing the amount and the holder of the claim. Relief from stay has already been granted for the parties to litigate these very issues and proceed with pending litigation regarding the propriety and amount of Nationstar's claim in South Carolina. The Court is confident the state courts can adjudicate these issues. Once a final determination is made in South Carolina, the Court can make decisions as to Nationstar's proof of claim. Because Debtor asks the Court to consider and rule on the same issues presented in the South Carolina litigation, the Court will exercise its discretion to abstain from ruling on the proof of claim until the South Carolina litigation is completed.

**Nationstar's Standing**

Debtor contends that Nationstar filed a proof of claim in this case when it had no interest in her mortgage or the claim, but that question was already decided in the South Carolina litigation. The judgment is issued to Nationstar and recites in several places that there is no question as to the standing of Nationstar and that any standing arguments were waived. It states: "No Defendant has raised any credible issues related to Plaintiff's standing to prosecute this action" and, therefore, "any issues related to Plaintiff's standing or ability to prosecute this action are waived." (Doc. No. 53 at 11-12 & 20.) The entry of the judgment in the South Carolina litigation conclusively determined that Nationstar was entitled to foreclose on the Property. The judgment is currently on appeal. Unless the judgment is reversed on appeal, a final judgment holding Nationstar has standing will be binding on this court. See United States v. Irvin, 787 F.2d 1506, 1515 (11th Cir. 1986). Debtor cannot relitigate the issue now, and the Court will deny any such request to do so in the Motion.

**Proof of Claim Does Not Supersede Prior Judgment**

Debtor seems to contend in her Reply that because Nationstar did not mention the judgment in its proof of claim, it is somehow estopped from pursuing its judgment and the South Carolina judgment is void. She effectively argues that the proof of claim supersedes the judgment. This argument is without merit.

The equitable doctrine of judicial estoppel is intended to protect courts against parties who seek to manipulate the judicial process by changing their legal positions to suit the exigencies of the moment. Slater v. U.S. Steel Corp., 871 F.3d 1174 (11th Cir. 2017). In New Hampshire v. Maine, 532 U.S. 742 (2001), the Supreme Court explained that "[u]nder the judicial estoppel doctrine, where a party assumes a certain position in a legal proceeding, and succeeds in

9

maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." Id. at 742-43. The Court further noted that the "purpose of the doctrine is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. at 743. The Eleventh Circuit employs a two-part test to consider whether: (1) the party took an inconsistent position under oath in a separate proceeding, and (2) these inconsistent positions were "calculated to make a mockery of the judicial system." Barger v. City of Cartersville, 348 F.3d 1289, 1293-94 (11th Cir. 2003) (quoting Salomon Smith Barney, Inc. v. Harvey, 260 F.3d 1302, 1308 (11th Cir. 2001)); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002).

Judicial estoppel does not apply here. The judgment and the proof of claim are not inconsistent. Nationstar initiated a foreclosure action and sought a personal judgment against Debtor in the South Carolina litigation. In the bankruptcy case, Nationstar filed a proof of claim to participate in the distribution of the bankruptcy estate. See Ziino v. Baker, 613 F.3d 1326, 1328 (11th Cir. 2010). Both the judgment and the proof of claim are based on the same note and mortgage, and both seek principal, interest, and fees based on those. Nationstar's actions in filing a claim in the bankruptcy case for money owed on the underlying mortgage obligation is not inconsistent with Nationstar's position in the prior litigation. Even if there is an inconsistency, the findings of the judgment would prevail over inconsistent claims in the proof of claim because it was first and is a judgment, which, when final, binds all parties and this Court. See Irvin, 787 F.2d at 1515. The Court can conceive of no theory where the judgment is void based on the proof of claim. Thus, Debtor's argument that filing a claim somehow voided the South Carolina judgment is without merit and any related request for relief is denied.

10

**Section 362(k)**

Debtor also appears to ask for damages pursuant to section 362(k), which is not applicable here. Section 362(k) of the Bankruptcy Code provides a mechanism both to provide compensation for the offense and to punish the offender if a creditor willfully violates the automatic stay. The section provides:

> an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1). This is not a stay violation case. Debtor has not alleged any violations of the automatic stay and, in fact, the stay was lifted for the parties to continue litigating. Accordingly, the Court finds Section 362(k) is inapplicable and will deny any request for relief pursuant to it.

**Additional Relief Sought**

Debtor seeks additional relief beyond the scope of a summary judgment motion, none of which is proper. The Court will nevertheless consider each of the requests.

Striking Bankruptcy Case

In the Motion, Debtor asks the Court to strike the bankruptcy case from the record, but striking the petition is not a proper remedy. Debtor filed a voluntary Chapter 13 bankruptcy petition that commenced a bankruptcy case. 11 U.S.C. § 301(a). The case was neither a nullity nor void *ab initio*. In re Ross, 338 B.R. 134, 136 (Bankr. N.D. Ga. 2006). Even a petition filed by an individual who by its terms is ineligible nevertheless commences a case that is not void *ab initio*. Id. at 139. As other courts have noted, "creditors and other parties in interest have a considerable interest in being able to rely on the existence of a case, the bankruptcy court's jurisdiction, and the validity of actions taken in the case." Id. at 140. Debtor filed a valid Chapter 13 case and has not established any basis for it to be stricken. Accordingly, the request to strike the petition in this case is denied.

11

Sanctions

The Motion requests sanctions against Bank of America and Nationstar. Bank of America is not a party to the Objection and is not named in the Motion, so the Court cannot grant relief as to it in any event. Further, the request for sanctions has been made multiple times by Debtor and Mr. Gibbs. The Adversary Proceeding filed by Mr. Gibbs against Nationstar and Bank of America raised these same issues, from which this Court abstained. The district court affirmed the judgment of the bankruptcy court and dismissed Mr. Gibbs's appeal, and the Eleventh Circuit dismissed Mr. Gibbs's subsequent appeal. Debtor thereafter filed a Motion to Suspend Plan Payment Plan and Sanctions (Doc. No. 62), which the Court denied (Doc. No. 71). The request for sanctions involves the same conduct and issues on appeal in South Carolina and previously considered by this Court, the District Court, and the Eleventh Circuit. Because the matter is before the South Carolina appellate court, and this Court has already ruled on the issues in the Adversary Proceeding, it will not consider the matter again.

Referral to the Department of Justice

Debtor asks the Court to refer this matter to the Department of Justice for prosecution. Pursuant to 18 U.S.C. § 3057, the Court, in limited circumstances, shall refer the question of whether a potential federal bankruptcy crime has been committed to the United States Attorney for investigation. That statute provides in relevant part:

> Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed. Where one of such officers has made such report, the others need not do so.

12

18 U.S.C.A. § 3057(a). Pursuant to this provision, a judge may report certain conduct to the United States Attorney, but the Court has no authority to determine whether a prosecution should occur. In re Refrigeration Station, Inc., 1999 WL 33581627, *2 (Bankr. S.D. Ga. Dec. 15, 1999). The Court is not required to report all conduct since the section only covers laws relating to insolvent debtors, receiverships, or bankruptcy. Estes v. Ramirez, 2014 WL 11698007, *11 (S.D. Tex. June 13, 2014), amended in part, 2014 WL 11698095 (S.D. Tex. Aug. 7, 2014). A debtor cannot require a court to refer matters for criminal prosecution. Va. Hosp. Ctr. Arlington Health Sys. v. Akl (In re Akl), 2010 WL 1667294 (Bankr. D.D.C. Apr. 23, 2010); Mays v. Citibank, N.A., 2005 WL 6111610, *10 (S.D. Fla. 2005), summarily aff'd, 180 Fed. Appx. 143 (11th Cir. 2006) (section does not directly or by implication establish any private right of action for a third party other than a federal judge, receiver, or trustee to request a report or referral to the United States Attorney). Further, there must be some evidence for the court to form a reasonable belief a violation of bankruptcy laws has been committed. See In re Burt, 179 B.R. 297, 300 (Bankr. M.D. Fla. 1995); In re Walker, 2006 WL 3483480, *3 (Bankr. S.D. Fla. July 11, 2006). For example, in Narumanchi v. Abdelsayed (In re Narumanchi), 471 B.R. 35 (D. Conn. 2012), the court found insufficient grounds to determine a proof of claim was frivolous or filed for any improper purpose. Accordingly, the court denied the debtor's request for the court to make a report or referral of alleged criminal acts made in connection with filing a proof of claim that had been disallowed by the court.

Debtor asks the Court to refer this case to the Department of Justice for prosecution of violations of various laws, but such relief is not available for several reasons. First, the Court can only refer alleged violations of bankruptcy laws. Second, Debtor lacks standing to make such a request. Third, the record is void of any evidence to form a reasonable belief that any violations of

13

bankruptcy laws have been committed. Accordingly, there is no basis to refer this case to the United States Attorney for prosecution and the request is denied.

Release of Funds

Finally, Debtor requests the Chapter 13 Trustee release all money to her. The Order Confirming Plan entered by the Court on October 25, 2019 confirmed the plan and instructed the Chapter 13 Trustee to reserve any disbursements owed to Nationstar pending final resolution of outside litigation of the dispute between Nationstar and the Debtor. Debtor has paid in over $75,000 to the Chapter 13 Trustee, and all funds are still on hand with the Chapter 13 Trustee as instructed by the Court. The Plan is binding on all parties in interest, including Debtor, and precludes the relief she now seeks. It is established law that a confirmation order satisfies "the requirements of a judgment that can be given [preclusive] effect." In re Optical Techs., Inc., 425 F.3d 1294, 1300 (11th Cir. 2005) (citing In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990)).

Debtor previously filed a Motion to Suspend Payment Plan and Sanctions (Doc. No. 62), seeking to suspend her plan payments and order all moneys returned to her. At a hearing on November 18, 2020, the Court provided Debtor the opportunity to either dismiss her case and receive a refund of the money the Trustee is holding or continue her Chapter 13 case (and the protection of the automatic stay) and continue making payments to the trustee. Debtor cannot receive a refund of funds *and* maintain her Chapter 13 case. Debtor stated she wished to continue in her Chapter 13 case. Accordingly, the Court denied the Debtor's request (Doc. No. 71).

Debtor has not provided any basis for the Chapter 13 Trustee to release the funds currently held pursuant to the confirmed Chapter 13 Plan. Accordingly, the request is denied.

*<u>Summary</u>*

The Motion does not identify the contested matter on which the Debtor seeks summary judgment. To the extent Debtor seeks summary judgment on the Objection, Debtor has not demonstrated she is entitled to judgment as a matter of law. The adversary proceeding is complete, the South Carolina judgment has fixed the amount and holder of the claim, and the Court has lifted the stay for the parties to complete the appeals process and finally determine those issues. Any other requests for relief are not appropriate. Accordingly,

**IT IS ORDERED** that the Motion is **DENIED.**

**<u>END OF DOCUMENT</u>**

**Distribution List**

Barbara Albytine Gibbs
3108 Hidden Falls Drive
Buford, GA 30519

Ryan Williams
Office of Nancy J. Whaley, Standing Ch. 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303

Allison G. Rhadans
McGuireWoods LLP
1230 Peachtree Street, N.E.
Promenade, Suite 2100
Atlanta, Georgia 30309-3534

Howell A. Hall
LOGS Legal Group LLP
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346